## MOORE *v.* THE STATE.

No. 17667. Argued November 14, 1951—Decided January 16, 1952.

*E. L. Rowland, J. W. Claxton* and *E. L. Stephens*, for plaintiff in error.

*Eugene Cook, Attorney-General, W. W. Larsen, Solicitor-General, J. R. Parham, Assistant Attorney-General, Harold Ward,* and *Price & Spivey,* contra.

ALMAND, Justice. Counsel for the defendant, relying solely on the general grounds of the motion for a new trial, contend that the evidence is wholly insufficient to sustain the verdict, and that, there being no direct evidence as to who killed the deceased, the circumstantial evidence is insufficient to exclude every reasonable hypothesis save that of the guilt of the accused.

The evidence in the record is entirely insufficient to support the finding of guilty on the theory that the killing occurred as the result of a conspiracy whereby the defendant aided or abetted another who did the shooting. If the conviction of this defendant is sustained by the evidence, it must be on the basis that the facts and circumstances show that he was the actual perpetrator of the crime.

We have fully set out the evidence in the statement of the case relating to the homicide. We cannot say that there was

not sufficient evidence to authorize the jury to find that the proven facts and circumstances were consistent with the hypothesis of the guilt of the accused and excluded every other reasonable hypothesis save that of the guilt of the defendant. Briefly, these facts and circumstances may be summarized as follows:

The deceased, while visiting at the home of a friend on the night of November 26, 1950, was called out on the front porch by the defendant; at the time the deceased went out on the porch no one but the defendant was seen on the porch. The defendant was drunk at the time; the occupants inside the house heard loud talking and a noise like someone was walking; in one and a half minutes after the deceased went out on the porch two shotgun blasts were heard; after the two shots were heard, two occupants of the house went out on the porch and found the deceased lying on the porch with two shotgun wounds in his back, and two shotgun shells and wadding were found near his body; on the way to the hospital the deceased said that the defendant called him to the door, but he did not know who shot him; immediately after the shooting no one was seen on the porch or in the front yard, the defendant having left the scene of the shooting, but the defendant's hat was found near the body of the deceased; the deceased died within 45 minutes of the shooting; about two hours before the shooting the defendant was seen with an unidentified person in a Ford pick-up truck, and the defendant inquired of a bus agent as to the cost of a ticket "to some place in Texas"; around eight o'clock the following morning, the defendant was seen at the store of Bitts Walker with Downs, and there was a gunstock in the truck; and the defendant was arrested around ten o'clock on the same morning at the home of Downs, where a loaded shotgun was found.

We affirmed the conviction of the codefendant Downs in Downs v. State, ante, because the evidence, direct and circumstantial, showed that Downs was the perpetrator of the crime. The jury on the trial of the defendant Moore did not have before them any facts or circumstances that connected Downs with the killing, but all the facts and circumstances on the trial of Moore showed that he was the sole perpetrator of the crime. In the consideration of the defendant's motion for a new trial, the merits of his rights must be determined solely from the record

affecting him, and not by a consideration of or comparison with the record in the trial of the codefendant Downs. *Cofer* v. *State,* 163 *Ga.* 878 (3a) (137 S. E. 378).

The court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*